[No. 9972.  Department One.  May 11, 1912.]

SELAH AND MOXEE CANAL COMPANY, *Appellant*, v.
WILLIAM C. BELAIRE *et al.*, *Respondents*.[1]

APPEAL—REVIEW—VERDICT—EXCESSIVE DAMAGES.  The verdict of
a jury assessing damages in a condemnation proceeding will not be
set aside as excessive, where there was evidence which, if believed,
would justify the award.

Appeal by plaintiffs from a judgment of the superior
court for Yakima county, Kauffman, J., entered March 31,
1911, upon the verdict of a jury assessing damages in a con-
demnation proceeding.  Affirmed.

*Roberts & Udell*, for appellant.

*Snively & Bounds*, for respondents.

PER CURIAM.—The appellant is a corporation conducting
an irrigation canal, in Yakima county.  The canal was con-
structed across the land now owned by respondents and others
in the year 1901.  Respondents became owners of the land
about the year following the construction of the canal.  In
the spring of 1910, respondents commenced an action to en-
join appellant from maintaining its canal across respondents'
land, and for damages for different causes, amounting to
$2,500.  That action was tried by the court without a jury,
and resulted in a judgment in favor of respondents for the
sum of $153.20, and an injunction preventing the appellant
from maintaining its canal.  But the decree entered therein
allowed appellant forty days within which time to commence
an independent action to condemn a right of way for its
canal, which resulted in the present action being brought.
The cause was tried before a jury, and resulted in a verdict
assessing the damages in the total sum of $1,000.

It is assigned that the court erred in admitting the testi-
mony of George Bergevins and others, as to the condition of

[1]Reported in 123 Pac. 604.

certain of the land claimed to be damaged by the respondents before the canal was put in, and subsequent thereto; in refusing to permit the judgment roll in the prior case to be introduced in evidence, in which it was found that no damages from seepage resulted to the respondents' land; and in refusing to set aside the verdict of the jury and grant a new trial. There seems to be no merit whatever in the contention of error in relation to the admission and rejection of testimony; so that the only debatable contention in the case is that the verdict was excessive. Many cases are cited by appellant to show that this court would be authorized in setting the verdict aside if the amount were shown to be result of passion and prejudice. We may concede this, but under the instructions of the court as to the measure of damages, to which no legal objection was raised, we think the jury was justified by the evidence, if believed, in finding the amount of damages which it did. The court would not therefore be justified in disturbing the verdict.

The judgment is affirmed.